UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

September 30, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Jon S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2333-DRM

Dear Counsel:

On August 12, 2024, Plaintiff Jon S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 12, and 18. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 6, 2019, alleging a disability onset of May 31, 2018. Tr. 266-276. Plaintiff's claims were denied initially and on reconsideration. Tr. 157-62, 171-181. On November 9, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-86. Following the hearing, on April 4, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 15-27. The Appeals Council denied Plaintiff's request for review. Tr. 1-6. After Plaintiff filed an action for judicial review on October 3, 2022, Tr. 678-679, this Court on August 15, 2023, remanded Plaintiff's case to the Commissioner for further administrative proceedings. Thus, on October 25, 2023, the Appeals Council vacated the final decision of the Commissioner of Social Security and remanded this case to an ALJ for further proceedings. Tr. 693-697. On May

---

[1] Plaintiff filed this case against Michelle King, the Acting Commissioner of Social Security on August 12, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

8, 2024, the case was heard via telephonic hearing before an ALJ. Tr. 626-651. On June 10, 2024, the ALJ rendered her decision denying Plaintiff's claims for DIB and SSI. Tr. 626-651. Having exhausted all administrative remedies, Plaintiff filed the current action for judicial review on August 12, 2024. ECF No. 1. The ALJ's June 10, 2024, decision therefore constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 31, 2018, the alleged onset date[.]" Tr. 631. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cervical spondylosis with myelopathy, idiopathic polyneuropathy, and carpal tunnel syndrome[.]" Tr. 632. The ALJ also determined that Plaintiff suffered from the non-severe impairments of headaches, chondromalacia, vision impairments, laryngitis, dysphagia, odynophagia, GI issues, traumatic brain injuries, and post-concussion syndrome. Tr. 632-634. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 636. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds; and occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never be exposed to hazards such as dangerous moving machinery and unprotected heights. He can frequently handle bilaterally.

Tr. 637. The ALJ determined that Plaintiff has no past relevant work, but could perform other jobs that existed in significant numbers in the national economy, such as that of a Marker (DOT[3] #

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and

*Jon S. v. Bisignano*
Civil No. 24-2333-DRM
September 30, 2025
Page 3

209.587-034), Cashier II (DOT # 211.462-010), Routing clerk (DOT # 222.687-022), Document preparer (DOT # 249.587-018), Call out operator (DOT # 237.367-014), and Surveillance system monitor (DOT # 379.367-010). Tr. 642. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 642-643.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff argues that the ALJ's residual functional capacity (RFC) assessment was improperly reached through misapplication of the correct legal standards and is unsupported by substantial evidence. ECF 12 at 8. Defendant counters that substantial evidence supports the ALJ's discussion of Plaintiff's functioning, specifically that "the ALJ here considered Plaintiff's subjective allegations, contrasted them with the record evidence including his limited treatment, presentation at his medical appointments, and ample daily activities, and reasonably concluded that Plaintiff could perform a range of light work and that no mental limitations were warranted." ECF No. 18 at 6, 16. The Court agrees that the ALJ's decision is supported by substantial evidence, and will affirm on that basis.

Plaintiff takes issue with how the ALJ carried out the function-by-function assessment mandated by SSR 96-8P, alleging that the ALJ improperly applied a symptom-based approach, otherwise failed to evaluate relevant evidence, and further failed to build an accurate logical bridge from that evidence to the ALJ's conclusion. ECF No. 12 at 8-14. Additionally, Plaintiff argues that the ALJ improperly rejected Plaintiff's subjective complaints by relying solely on objective medical evidence and improperly heightening Plaintiff's standard of proof. ECF No. 12 at 14-16.

---

explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

Jon S. v. Bisignano
Civil No. 24-2333-DRM
September 30, 2025
Page 4

These arguments fail on their merits. First, there is no per se rule requiring remand where an ALJ fails to perform "an explicit function-by-function analysis." *Mascio v. Colvin*, 730 F.3d 632, 637 (4th Cir. 2015). Instead, remand is appropriate where inadequacies in the ALJ's opinion frustrate a court's ability to meaningfully review the ALJ's conclusions. *Id.* Here, no such inadequacies are present. The ALJ considered a varied array of evidence that included Plaintiff's subjective complaints, especially where they relate to chronic pain and difficulty holding objects; Plaintiff's reported daily activities, ranging from his part time employment activities and occasional household chores; together with relevant medical evidence that included Plaintiff's use of certain treatments, physical examinations, and medical imaging. Tr. 637-639.

It is also clear from the ALJ's opinion that she considered both Plaintiff's alleged mental and physical ailments. Plaintiff disputes this in his brief, ECF No. 12 at 13, but upon review, it is evident that the ALJ not only conducted a lengthy analysis of these alleged ailments at step two of her opinion, Tr. 634-636, but that she further explicitly referenced statements from Plaintiff's January 2022 consultative mental status evaluation in her RFC analysis. Tr. 639. Indeed, the ALJ permitted meaningful review by incorporating the RFC assessment of persuasive sources, including the prior administrative medical findings of the medical and psychological consultants, into the ALJ's own RFC assessment. *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail); *Audlica D. v. Kijakazi*, No. BAH-22-1046, 2023 WL 1769665, at *5 (D. Md. Feb. 3, 2023) (finding harmless error where the claimant failed to show how the RFC may have changed if the ALJ performed a more in-depth function-by-function analysis). Therefore, the ALJ's failure to perform an explicit function-by-function analysis does not warrant remand.

Second, the Court finds Plaintiff's arguments regarding how the ALJ weighed his subjective complaints to be unpersuasive. Plaintiff is correct that, under the relevant two-part test at issue here, "while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020)). The first prong requires an ALJ to determine if a "medically determinable impairment" exists that could "reasonably be expected to produce the claimant's alleged symptoms." *Oakes*, 70 F.4th at 215 (quoting Arakas, 983 F.3d at 95). The next step requires that the ALJ assesses "the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether the claimant is disabled." *Id.* (quoting *Arakas*, 983 F.3d at 95).

While an ALJ may not dismiss subjective complaints "based *entirely* upon the belief that they were not corroborated by the record's medical evidence," the ALJ must still "ascertain the extent of the claimant's alleged functional limitations and restrictions due to their pain or symptoms that could be reasonably accepted as consistent with the medical signs, laboratory findings, and other evidence, in discovering how these symptoms impact the claimant's ability to work." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) (citing *Craig, v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996)). SSR 16-3p recognizes that "objective medical

evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" SSR 16-3p, 2017 WL 5180304, at *5. Therefore, an ALJ "must consider whether an individual's statements about the intensity, persistence, and limiting effects of [their] symptoms are consistent with the medical signs and laboratory findings of record." *Id.* To accomplish this, an ALJ must consider "all of the evidence" in a claimant's record. *Id.* at *2, *7.

Contrary to Plaintiff's assertions, the ALJ's analysis does not run afoul of this principle. Specifically, the ALJ concluded that the "claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record[]." Tr. 23, 637. The ALJ considered the objective evidence and Plaintiff's mental health treatment, which improved his symptoms; Plaintiff's testimony regarding the difficulty he experiences when walking, sitting, and standing; Plaintiff's own assessment of his daily pain levels; Plaintiff's statements to his treating practitioners regarding the extent of his mental functioning; and Plaintiff's daily activities, such as assisting his mother, cooking, cleaning, and reading science fiction. Tr. 19-23, 98, 634-36, 640. *See Kimberly S. v. Comm'r, Soc. Sec.*, No. EA-23-1404, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024) ("Contrary to Plaintiff's contentions, the ALJ did not discount her mental limitations based on the absence of objective evidence. Rather, as the Commissioner correctly notes, the ALJ found that Plaintiff's own subjective reports of improvement with treatment and independent daily activities were inconsistent with the disabling limitations she alleged."). The ALJ also analyzed the intensity of Plaintiff's symptoms. Tr. 97. The ALJ stated that Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms…are inconsistent because the claimant's admitted daily activities and abilities do not support a finding of disability." Tr. 97. Plaintiff stated he could maintain his personal care independently, prepare meals, perform household chores, and could shop for food and clothing. He stated that he could lift up to 20 pounds, sit and stand for 15 minutes, and that he could walk less than one mile. Tr. 97. At no point does the ALJ assert that the Plaintiff is required to provide objective medical evidence to support his claims. Instead, after properly summarizing evidence from the record, including subjective statements from Plaintiff, the ALJ arrived at a logically sound conclusion supported by substantial evidence.

Accordingly, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the Court affirms the ALJ's decision.

## V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Jon S. v. Bisignano*
Civil No. 24-2333-DRM
September 30, 2025
Page 6

                                          Sincerely,

                                              /s/

                                        Douglas R. Miller
                                        United States Magistrate Judge